UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY ALLEN CAUDLE,            ) | |
| )| |
| Petitioner,   ) | |
| ) | |
| vs.                                             ) | Case No. 1:13-cv-1306-LJM-TAB |
| ) | |
| SUPERINTENDENT,                    ) | |
| ) | |
| ) | |
| Respondent.   ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

**I.**

Through his petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241, petitioner Caudle seeks relief from his prosecution in a Marion County, Indiana, case, No. 49G03-1305-FB-030738. He was directed to report whether and how he has satisfied the exhaustion requirement associated with his claims.

At the time of his July 24, 2013, filing, Caudle had not been convicted of the charges imposed in No. 49G03-1305-FB-030738. Caudle had been convicted in 2006 of burglary and theft and was serving that sentence when he was transferred to work release on March, 13, 2013. On May 3, 2013, Caudle left the work release facility and failed to return. He was arrested on May 9, 2013, when he was identified as the perpetrator of an attempted burglary that occurred on that date. Caudle was sentenced in Marion County under 49G03-1305-FB-030738 on August 2, 2013, for two counts of burglary and one count of resisting law enforcement.

In his several supplemental filings, Caudle now argues that probable cause was lacking in his arrest and conviction. Caudle has also provided a copy of his motion to correct erroneous

sentence, filed in the trial court on September 11, 2013, in 49G03-1305-03078, which was denied. Caudle apparently no longer seeks relief from the prosecution and now challenges the conviction. Caudle has failed, however, to demonstrate that he has fully exhausted in the state courts any challenge to his pretrial detention, or to his conviction. On the contrary, the steps associated with a direct appeal have apparently not yet been taken.

While "[c]riminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts, . . . federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor,* 937 F.2d 293, 296-97 (7th Cir. 1991). In addition, a "state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000).

The petition is dismissed because Caudle has failed to exhaust his state remedies. Judgment consistent with this Entry shall now issue.

## II.

Caudle is detained pursuant to a judicial rather than an executive order. Accordingly, the court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009).

Pursuant to Federal Rule of Appellate Procedure 22(b) , the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the Court finds that Caudle has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As in *Evans,* the petitioner "certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final

decision." *Evans,* 569 F.3d at 667 (citing cases). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 01/09/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gregory Allen Caudle, #900165
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111